**CSD 1159A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

Harris L. Cohen, Esq. Bar #119600
Harris L. Cohen, A Prof. Corp.
5305 Andasol Ave., Encino, CA 91316
tel (818) 905-5599 fax (818) 905-5660
email: hcohen00@aol.com

Order Entered on
August 24, 2018
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re   AKI T. OYA<br><br>Debtor. | BANKRUPTCY NO.   18-03598-CL13 |
| Magnum Property Investments, LLC and Strategic Acquisitions, Inc.<br><br>Movant(s) | RS NO.   HLC - 1 |
| v.  Aki T. Oya, David L. Skelton, chapter 13 trustee and non filing co-debtor on this debt (Souichi Oya)<br><br>Respondent(s) | Date of Hearing: 8/15/2018<br>Time of Hearing: 10:00 A.M.<br>Name of Judge:   Hon. Christopher B Latham |

**ORDER ON**
**MOTION FOR RELIEF/ANNULMENT OF AUTOMATIC STAY**

The court orders as set forth on the continuation pages attached and numbered 2 through 2 with exhibits, if any, for a total of 2 pages.  Motion/Application Docket Entry No. 12 .

//
//
//
//
//

DATED:   August 24, 2018

_____
Judge, United States Bankruptcy Court

ORDER ON Magnum Property Investments, LLC and Strategic Acquisitions, Inc. motion for relief/annulment of stay
DEBTOR: AKI T. OYA　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO.:18-03598-CL13
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RS NO.:HLC-1

---

The continued hearing on Movants', Magnum Property Investments, LLC and Strategic Acquisitions, Inc., motion was heard on August 15, 2018 at 10:00 a.m.  Harris L. Cohen, Esq. appeard for Movants, Magnum Property Investments, LLC and Strategic Acquisitions, Inc., and Debtor, Aki T. Oya, appeared and argued the motion.
After hearing the argument of the parties, the Court makes the following findings of facts and conclusions of law and orders as follows:

The Court's findings of facts and conclusions of law are fully set forth on the record and include findings that the Debtor and her spouse are serial bankrupty filers having filed numerous cases that interfered with the foreclosure sale of the property at 693 Poinsettia Park South, Encinitas, CA 92024 (the "Property"); that the foreclosure sale was properly conducted; that based on the totality of the circumstances, this filing was in bad faith as part of a scheme to hinder and delay the foreclosure sale; that this case was filed as a bare bones face-page filing without the intent to reorganize, that the Debtor failed to comply with the Bankruptcy Code and Rules, that Movants were prejudiced by the bankruptcy filing and that annulment of the automatic stay is warranted based on the factors enumerated in In re Fjeldsted, 293 B.R. 12 (9th Cir. BAP 2003) ,

Therefore, IT IS HEREBY ORDERED

A. That the motion is granted under 11 U.S.C. Section 362(d)(1) and the automatic stay is terminated as to the 693 Poinsettia Park South, Encinitas, CA 92024, San Diego County (the Property") with a legal description of Parcel A: Lot 11 of City of Encinitas Tract No. 4572, in the City of Encinitas, County of San Diego, State of California, according to map thereof No. 12014, filedi n the office of the County Recorder of San Diego County Parcel B: An easement for private road and incidental purposes over the "Proposed Private Road Easement" as shown upon Map No. 12014, filed on February 10, 1988, in the office of the San Diego Recorder - APN 256-191-11.

B. As to Movants, their successors, transferees and assigns, the stay of 11 U.S.C. Section 362(a) is:
　　Terminated as to the Debtor and the Debtor's bankruptcy estate; and
　　Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movants to enforce their rights to purchase the Property do not constitute a violation of the stay.

C. The foreclosure sale of the Property to Movants is validated and not impacted by the automatic stay.

D.  Movants may enforce their remedies by completing the foreclosure sale of the Property and the lender/Trustee may issue the Trustee's Deed Upon Sale, as if there were no automatic stay and Movants may obtain possession of the Property in accordance with applicable nonbankruptcy law.

E.  The co-debtor stay of 11 U.S.C. Section 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

F.  The 14-day stay as provided in FRBP 4001(a)(3) IS NOT WAIVED.

CSD 1159A

Signed by Judge Christopher B. Latham August 24, 2018