Michael G. Doan, SBN 175649
Doan Law Firm
1930 S. Coast Hwy #206
Oceanside, CA 92054
Phone (760) 450-3333 • Fax (760) 720-6082
Mike@doanlaw.com

Attorney for Debtor, Aki T. Oya

# UNITED STATES BANKRUPTCY COURT
## Southern District of California

In re:

AKI T. OYA,

      Debtor.

Case No.: 18-03598-CL13

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO RECONSIDER**

    Debtor, AKI T. OYA ("Aki"), by and through her attorney of record, submits the following Reply to the Opposition to the Motion for Reconsideration filed by Magnum Property Investments, LLC and Strategic Acquisitions, Inc. ("Buyers").

1

### 1) <u>OPPOSITION UNTIMELY AND MUST BE STRICKEN</u>

Buyers originally violated the automatic stay and sought retroactive relief of their unlawful act. Buyers have once again committed an unlawful act by violating the time requirements of Local and Federal Bankruptcy Rules and are seeking relief of the same.

Buyer's opposition to the motion for reconsideration was due by September 11, 2018. Buyers did not submit their opposition until September 19, 2018. Buyers admit their opposition was a week late and untimely due to a *"calendaring error."*

Local Bankruptcy Rules ("LBR") 9006-1(c) and 9013-6(a)(3) provided Buyers with a fourteen (14) day time frame to file their opposition:

> *Opposition. FRBP 9006(d) and LBRs 2002, 4001, 4002, and 9013 govern the time for filing any opposing affidavits or objections.*
> LBR 9006-1(c).
>
> *Time for Serving Opposition, Generally. Except as otherwise provided by the Bankruptcy Rules or Local Bankruptcy Rules, each party opposing a motion must serve that opposition, together with all Documents set forth in LBR 9013-7(b), **no later than 14 days** after service of the notice of motion.*
> LBR 9013-6(a)(3).

Since Buyers filed their opposition twenty-one (21) days after the motion, their opposition was seven (7) days late and failed to comply with LBR 9006-1(c) and 9013-6(a)(3). Accordingly, under LBR 9013-7(b)(2) the Court may treat *"the non-objecting party's **consent to the granting of the motion** and waiver of oral argument. The Court, as a result, **may vacate** any then pending **hearing** and promptly enter an **order granting the requested relief**."*

Likewise, FRBP 9006(b) governs the enlargement of time to respond to the opposition:

> *Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice*

2

*order the period enlarged if the **request therefor is made before the expiration** of the period originally prescribed or as extended by a previous order or (2) on **motion made after the expiration** of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

Buyers have failed to comply with FRBP 9006(b) since no motion was ever filed either prior to or after the expiration of the period originally prescribed of September 11, 2018.

As a matter of law, Buyers' opposition must be stricken for failing to abide by LBR 9006-1(c), 9013-6(a)(3), and FRBP 9006(b). The Court should vacate the hearing and enter an Order for the requested relief pursuant to LBR 9013-7(b)(2).

### 1) <u>BUYERS HAD NO STANDING FOR RELIEF OF STAY:</u>

Per Aki's declaration, the sale was immediately rescinded prior to the motion to annul the stay. Buyers also admit the same at pages 9 and 10 of the opposition: *"Therefore, the trustee, to avoid violation of the stay liability **returned the purchase funds**."*

Buyers reference the cases of <u>In re Cruz</u>, 516 B.R. 594, 602 (9th Cir. BAP 2014), <u>In re Funes</u>, 2014 WL 6896030, *1 (C.D. Cal. 2014), <u>Johnson v. TRE Holdings LLC (In re Johnson)</u>, 346 B.R. 190, 194 (9th Cir. BAP 2006) for standing. Yet none of those cases dealt with a rescinded sale.

The sale was immediately rescinded, Buyers were returned all consideration, and no deed was ever recorded. Buyers never had any "colorable claim" to the property when they sought retroactive relief of stay due to the immediate rescission.

### 2) <u>BUYERS SEEK A WINDFALL:</u>

To date, Buyers have not paid for the property and admit *"the trustee, to avoid violation of the stay liability **returned the purchase funds**."* It is beyond absurd that

3

Buyers get to both keep the $931,000.00 in consideration and own the property free and clear at the expense of Aki and over $127,000.00 in unsecured claims.

### 3) AKI DOES NOT SEEK TO CURE ARREARS:

Buyers repeatedly argue that Aki has no ability to cure the arrears. Buyers have misread Aki's motion. Aki does not seek to cure the arrears. Instead, Aki solely seeks to sell the property in due course at fair market value and not at a highly discounted auction value. Funding a plan in such a manner is directly authorized under 1322(a)(8). Buyers' arguments concerning curing the arrears should be disregarded.

### 4) FILING DOCUMENTS IN CLOSED CASE IMPROPER:

Buyers argue on page 12,

*The Debtor has had numerous opportunities since June 15, 2018, to file her schedules, statement of affairs and plan of reorganization. She has intentionally chosen not to.*

Buyers improperly overlooked the fact that Aki's motion clearly stated that the same would be filed within five (5) business days of the order setting aside dismissal. Buyers argument also has no basis in law since the case has been closed and it is impossible to file the *schedules, statement of affairs, and plan of reorganization* in a closed case.

To be perfectly clear, Aki will file her *schedules, statement of affairs, and plan of reorganization* **within five (5) days of case reopening**. She will also make her chapter 13 payment within that same period of time. The schedules will also evidence all the unsecured creditors contrary to Buyers' allegations. In the meantime, Aki has submitted a declaration containing her credit report showing over $127,000.00 in unsecured debt.

### 5) WELLS FARGO RECEIVED NOTICE OF THE BANKRUPTCY:

Buyers argue that Wells Fargo did not receive notice of the Bankruptcy, claiming the notice went to wffc.com. Buyers are wrong. The notice was not sent to wffc.com. Instead, the notice was properly sent to the address Wells Fargo designated under 342(f).[1]

The reference to wffc.com is not an actual notice address, but simply a BNC reference. This can be confirmed at https://bankruptcynotices.uscourts.gov/edi_faq. The actual addresses used by the BNC are in direct compliance with 342(f) as a matter of law. Buyers have offered no evidence that the BNC failed to comply with 342(f).

### 6) MISTAKE OF FACTS NOT OPPOSED:

While Buyers attack Aki's valuation of the property on technical grounds, they do not contest the actual value of the property of about $1,200,000.00. Buyers provide no other value. Thus, there is over $450,000.00 in equity. Notwithstanding, submitted with this Reply is the Declaration of Steven Doan substantiating the value of the property at $1,200,000.00.

Buyers do not contest the fact that the August 24, 2018 Order mistakenly claimed *"the foreclosure sale was properly conducted."* In fact, it ***was not "properly conducted"*** since the sale directly violated 362 and 1301 and was void as a matter of law. Annulment of the stay was never granted to Wells Fargo or Select Portfolio Servicing. To date, Wells Fargo and Select Portfolio Servicing violated the automatic stay, are being sued over the same in Federal Court, and the foreclosure

---

[1] It is puzzling that Buyers claim Wells Fargo received no notice, yet Wells Fargo immediately returned the $931,000.00 immediately back to Buyers due to the Bankruptcy. Moreover, Aki's declaration provides further admissions of notice by Wells Fargo that Buyers do not contest.

sale was never originally properly conducted. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 572 (9th Cir. 1992).

### 7) BUYERS KNOWLEDGE OF BANKRUPTCY IS AT ISSUE:

The Bankruptcy Court ruled on the Buyers state of mind solely as a result of an uncontested declaration and without any discovery or evidentiary hearing on the same.

Buyers entire business model is based upon the "*business of purchasing properties and reselling them for a profit.*" Accordingly, any reasonable research by Buyers on properties at foreclosure sales would include a "bankruptcy scrub." Indeed, Buyers admit on page 12 of their opposition, *"It had to* **research** *the properties for sale that day."*

At a minimum, Aki should have the opportunity to engage in discovery as to what the Buyers' *"research"* entailed and have an evidentiary hearing to cross-examine the witness the Court relied upon.

### 8) MISTAKE OF LAW REMAINS:
### i) PURPOSE OF 362(d)(1) "CAUSE" IS NOT "WINDFALLS:"

Buyers fail to address Oye's argument that increasing corporate profits from stay violations and taking over $450,000.00 from a financially destitute couple and unsecured creditors with over $127,000.00 in claims is not "cause" for purposes of 362(d)(1).

Buyers fail to address Oye's argument that MAGNUM and SAI would have no standing for relief of stay on the commencement date of the petition. As of the filing date of June 15, 2018, there were no grounds that MAGNUM and SAI could set forth for relief of stay for the foreclosure sale three (3) days later on June 18, 2018. If there were **no grounds for relief of stay on June 15, 2018**, it *was impossible to have any grounds for retroactive relief of stay after that date.*

Buyers fail to address Oye's argument that Section 362(d)(2) does not apply in light of over $450,000.00 in equity and fact that the residence is necessary for an effective reorganization since its sale will produce a 100% plan. Buyers fail to address the fact that 362(d)(1) is not a backdoor thru which 362(d)(2) already provides.

### ii) BUYERS FAIL TO ADDRESS A KEY <u>FJELSTED</u> ARGUMENT:

Buyers fail to address, "in any given case, **one factor may so outweigh the others as to be dispositive."** <u>Fjeldsted v. Lien (In re Fjeldsted)</u>, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003). There can be no doubt that the loss of over **$450,000.00 in equity will cause <u>irreparable injury to the debtor</u> and is the one factor that so outweighs the others as to be dispositive.**

Buyers also fail to address the fact that under <u>Fjeldsted</u> (which was ironically an almost identical case) the matter was remanded, and the Bankruptcy Court ultimately ordered the title back to the debtor.[2]

### iii) <u>FUNES</u> AND <u>CRUZ</u> DEALT WITH NEGATIVE EQUITY:

Buyers on page 16 of their opposition question how Aki could know the equity of the underlying real estate in <u>In re Funes</u> and <u>In re Cruz</u>. Judicial notice can be taken that there was no equity in the real estate of each case:

Document #11 in the underlying case of <u>In re Funes</u> (13-16987) was the relief of stay motion filed by Buyers' counsel. Throughout that document was argument that there was no equity in the subject property. More specifically, on page 12 it stated in bold caps:

---

[2] See Docket #209 in Central District Adversary Proceeding #: 2:02-ap-01423-ES *"Memorandum of decision Legal title to the property shall be restored to Fjeldsted. A status conference shall be held on 11/20/03 @ 2:00 p.m. regarding the parties' compliance with this order[see order for specific details]; with certificate of mailing RE: Item# 205 [VC] Original NIBS Entry Number: 201 (Entered: 09/18/2003)"*

7

***THE DEBTOR HAD A DEED OF TRUST OWING OVER $462,188 ON A PROPERTY WORTH $310,000. BASED ON THE FORECLOSURE SALE PRICE OF THE PROPERTY <u>HAD NO EQUITY.</u>***

Ultimately, Buyers bought that property for $310,000.00 (page 20) and the mortgage company took a loss.

Likewise, Document #15-1 in the underlying case of <u>In re Cruz</u> (13-20368) was the relief of stay motion. Page 34 of that document was the Notice of Trustee Sale which claimed $1,005,526.80 was due and owing on the foreclosing deed of trust at the time of sale. Yet page 36 contains the results of the Trustee's sale and confirms the property sold for substantially less, at $711,000.00.

Accordingly, the cases of <u>In re Funes</u> and <u>In re Cruz</u> that Buyers heavily rely upon both dealt with real estate with no equity and which instead were substantially upside down.

Notwithstanding the forgoing, Buyers argue on page 18,

*Laughably, Debtor claims this court made history with the first ruling ever to grant annulment of the stay when there is equity for the bidder. However **, that is identical to In re Funes** (cited above), in which counsel in this case was also counsel. Further, In re Cruz did not discuss equity so how could Oya know about that case?*

It appears Buyers have purposely misled the Bankruptcy Court by claiming this case is "*identical to <u>In re Funes</u>*." This case is not identical since <u>In re Funes</u> and <u>In re Cruz</u> dealt with cases where there was no equity and this case has **substantial equity**. Buyers have breached their duty of candor to the court. See CAL. BUS. & PROF. CODE § 6068(d) *("It is the duty of an attorney . . . never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.")*

8

### iv) NO CASES CITED WITH SUBSTANTIAL EQUITY:

Buyers have still failed to reference a single case in America that has ever allowed retroactive relief of stay to a third-party buyer at a foreclosure sale when there was **substantial equity in the property**. This Court is the first Court in history to make such a ruling, and which directly runs counter to 362(d)(2). There is simply no authority for such a ruling. Instead, all the rulings hold the complete opposite.[3]

It would be an abuse of discretion to allow retroactive relief of stay where the cases hold the complete opposite in light of the substantial equity.

### 9) THE COURT SHOULD VACATE THE DISMISSAL:

Buyers offer no arguments whatsoever against vacating dismissal due to the inability to timely file the balance of schedules due to her husband's knee surgery. Aki has cured the defects in the previous motion to set aside dismissal and by serving this motion on all parties.

Furthermore, Aki has now retained counsel, understands the legal ramifications, and **will have all documents filed within five (5) business days** of the Bankruptcy Court setting aside its August 24, 2018 Order. Aki will also tender her first chapter 13 payment within the same time frame.

---

[3] Aki has already presented the Court with cases where annulment was not allowed where substantial equity existed in the property. (See In re Siciliano, 13 F.3d 748, 752 (3d Cir. 1994), *"Given these factors, upon Prudential's request for relief under § 362(d), the bankruptcy court must consider whether Siciliano had **equity in the property** and if not, grant appropriate relief to Prudential;"* In re Adams, 215 B.R. 194, 196 (Bankr. W.D. Mo. 1997), No annulment since *"Mr. Adams estimated the value of the home to be **$64,000** on his bankruptcy schedules. Curry purchased the property at the foreclosure sale for **$48,657.67**;"* First Am. Title Ins. Co. v. Lett (In re Lett), 238 B.R. 167, 192 (Bankr. W.D. Mo. 1999), No annulment where *"**$43,958.59 in equity.**"*

9

## CONCLUSION

There is no dispute that Wells Fargo and Select Portfolio Servicing committed a stay violation and there was a wrongful foreclosure sale. Likewise, there is no dispute that Wells Fargo and Select Portfolio Servicing were never granted retroactive relief of stay. Retroactively blessing the Buyers' windfall as a consequence of the wrongful acts of Wells Fargo and Select Portfolio Servicing and at the expense of punishing Aki and unsecured creditors is simply not equitable.

Buyers failed to timely oppose the motion for reconsideration and the relief should be granted pursuant to LBR 9013-7(b)(2). Buyers never had standing due to the immediate sale rescission and all consideration being returned. The law is clear that retroactive annulment of the stay is never proper where there is **substantial equity**. Certainly, this Court would have never granted such relief against an opposing chapter 7 trustee.

By reinstating the case and vacating the August 24, 2018 Order Granting Relief/Annulment of Automatic Stay, Debtor can immediately file her schedules and plan, commence payments, file her motion to sell the property, market the property, sell the property, and pay all her creditors in full.

Accordingly, Debtor respectfully requests the Court reconsider its decision and withdraw its August 24, 2018 Order Granting Relief/Annulment of Automatic Stay and reinstate the case. Aki would even propose the entry of a "drop dead" date in which to sell the property. If the property does not enter escrow by 12/31/18, Aki would agree to the retroactive relief of stay.

Should the Court deny the motion for reconsideration, Debtor again respectfully reiterates her request for certification to the Ninth Circuit for appeal purposes.

10

| | | |
|---|---|---|
| 1 | Dated: September 26, 2018 | Respectfully submitted, |
| 2 | | **DOAN LAW FIRM, LLP** |
| 3 | | |
| 4 | | By: /s/ Michael G. Doan |
| 5 | | Michael G. Doan, Esq.<br>Attorney for Debtor |