Order Entered on October 26, 2018 by Clerk U.S. Bankruptcy Court Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re:

AKI T. OYA,

Debtor.

BANKRUPTCY NO.: 18-03598-CL13
Date of Hearing: 10/10/2018
Time of Hearing: 10:00 a.m.
Name of Judge: Christopher B. Latham

### ORDER ON DEBTOR'S MOTION FOR RECONSIDERATION

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through ten (10).

DATED: October 25, 2018

Judge, United States Bankruptcy Court

The court has considered: (1) Debtor's motion to reconsider the order annulling stay and to reinstate the case; (2) Debtor's declaration in support; (3) Magnum Property Investments, LLC and Strategic Acquisition, Inc.'s (collectively, "Magnum") opposition; (4) Magnum's evidentiary objections; (5) Magnum's declaration in opposition; (6) Debtor's reply; (7) Debtor's declaration in reply; (8) Stephen Doan's declaration in reply; (9) Michael Doan's declaration in support of the motion; (10) Magnum's declaration in response; (11) Wells Fargo Bank, N.A. and Select Portfolio Servicing, Inc.'s (collectively, "Wells Fargo") joinder in opposition to Debtor's motion; and (12) the parties' arguments at the hearing on this matter.  For the following reasons, the court will **grant** the motion for reconsideration **in part** and **deny** it **in part**.

## Background

On June 15, 2018, Debtor filed a "bare bones" Chapter 13 petition (ECF No. 1).  Wells Fargo held a deed of trust on her house at the time.  Select Portfolio Servicing, Inc. ("SPS") (ECF No. 35) was the loan servicer.  Debtor defaulted on her mortgage, and the delinquency grew to $52,983.20.  The creditor recorded a notice of default on April 6, 2016.  *Id.*  By September 18, 2018, Debtor owed $766,524.24 (ECF No. 47).

Since defaulting, Debtor and her husband have collectively filed five bankruptcy petitions in addition to the present one: (1) Case No. 16-05492-CL13 filed on September 6, 2016, and dismissed on January 20, 2017; (2) Case No. 17-06297-MM13 filed on October 18, 2017 (by Debtor's husband), and dismissed on November 7, 2017; (3) Case No. 17-00783-CL13 filed on February 15, 2017, and dismissed on March 6, 2017; (4) Case No. 17-03553-MM13 filed on June 17, 2017 (by Debtor's husband), and dismissed on June 26, 2017; and (5) Case No. 18-02170-CL13 filed on April 12, 2018, and dismissed on May 2, 2018.

Debtor brought this petition on June 15, 2018.  Nonetheless, Wells Fargo conducted a foreclosure sale on Debtor's property on June 18, 2018.  At the auction, Magnum, through its bidding agent Strategic Acquisitions, Inc., purchased the house for $915,300 (ECF No. 40).  According to Magnum, the foreclosure trustee neither announced nor adverted to the pending bankruptcy, as he should have based on general foreclosure procedure.  *Id.*  Shortly after the sale, the foreclosure trustee refunded Magnum the purchase price.  *Id.*

Eight days later, Magnum moved to annul the stay (ECF No. 12).  On July 3, 2018, the court dismissed Debtor's case for not timely filing schedules, the statement of financial affairs, and a plan (ECF No. 15).  To date, Debtor has not filed the missing documents.  In opposing Magnum's motion, Debtor valued the property at $990,000 (ECF No. 22).  She also moved to vacate the dismissal (ECF No. 19).  The court denied Debtor's motion because she failed to properly serve all parties, and she did not provide an adequate explanation for her noncompliance (ECF No. 27).  The court then granted Magnum's motion for stay annulment on August 24, 2018 (the "Annulment Order") (ECF No. 32).

The Annulment Order both annulled the stay as to Magnum and validated the June 18, 2018 sale. The court notes that Wells Fargo never sought stay annulment as to it, even though counsel has appeared in the matter.

Debtor has now moved to: (1) reconsider the order annulling the stay; and (2) reinstate the case.

### Legal Analysis and Discussion

The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration." *In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) (quoting *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004)). There are instead "two types of motions to obtain post-judgment relief: a motion to alter or amend judgment, FED. R. CIV. P. 59(e), and a motion for relief from judgment, FED. R. CIV. P. 60." *In re Walker*, 332 B.R. at 826.

"When a party files a motion for reconsideration within 14 days after the entry of judgment, the motion is treated as a motion to alter or amend judgment under Civil Rule 59(e)." *In re Lee*, BAP Nos. CC-15-1240-DTaKu, CC-15-1272-DTaKu, 2016 WL 1450210, at *7 (B.A.P. 9th Cir. Apr. 11, 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)). *See also* FED. R. BANKR. P. 9023. "Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order." *Am. Ironworks & Erectors, Inc.*, 248 F.3d at 899.

*Magnum's Late Filing and Wells Fargo's Joinder*

To start, Debtor argued at the hearing that Magnum's opposition was late under Local Bankruptcy Rule 9013-6(a)(3). The court accepts Attorney Cohen's explanation for why the deadline was wrongly calendared. And Debtor had a full opportunity to reply, so she was not prejudiced. Further, Wells Fargo's joinder did not prejudice her because it raised no additional arguments. The court will therefore accept Magnum's late filing and consider Wells Fargo's joinder.

*Evidentiary Objections*

In addition to its opposition, Magnum objected to Debtor's declaration and the documents attached to it. But the declaration only attached Debtor's District Court complaint against Wells Fargo and Magnum. The complaint, in turn, incorporates its own exhibits, referred to as attachments A through L. Magnum's objection to these attachments for lack of foundation is **overruled** because the court takes judicial notice of the complaint and all of its appended documents. *See* FED. R. EVID. 201(b). Magnum also asserts that the attachments are hearsay and irrelevant. The court will address these remaining objections to Attachments A through L, individually.

Attachment A is the Bankruptcy Noticing Center's ("BNC") certificate of notice. It is evidence of whether Wells Fargo knew of the bankruptcy. Wells Fargo's notice is of consequence. *See* FED. R. EVID. 401. So is the issue of whether Wells Fargo will also seek annulment of the stay as to it. Thus it is relevant. Moreover, Debtor plainly had personal knowledge – she received the BNC's notice and knew of its contents. And because it was attested to under penalty of perjury, it is not

hearsay. *See* FED. R. EVID. 807. Accordingly, Magnum's objections to Attachment A are **overruled**.

Attachment B is a picture of Debtor's phone log. It purports to show a call she received from SPS. That SPS phoned Debtor two days before the sale is not relevant to the motion. Neither is Attachment C, which is a letter from SPS postponing the sale. As such, Magnum's relevancy objections to Attachments B and C are **sustained**. *See* FED. R. EVID. 401.

Attachment D is the foreclosure sale receipt. It is relevant to the issue of whether Debtor's property has equity. And it is not hearsay because it is a business record. *See* FED. R. EVID. 803(6). The objections to Attachment D therefore are **overruled**.

Attachment E is an email exchange between Debtor and Michael E. Harmon from First American Trustee Servicing Solutions. The email indicates that Magnum was refunded its purchase money. It is presumably being offered to prove just that. This is plainly hearsay. So the objection to Attachment E must be **sustained**. *See* FED. R. EVID. 802.

Attachment F is a court order dismissing one of Debtor's prior cases. The dismissal of one of Debtor's many earlier bankruptcy cases is irrelevant to the present motion, and the objection to it is therefore **sustained**. *See* FED. R. EVID. 401.

Attachments G, H, and I are this court's own docket entries. Attachments G and H are Debtor's motion to vacate dismissal and the court's order on that motion, respectively. And Attachment I is the Annulment Order. All three are relevant to the court's reconsideration of those two orders. Debtor offers them not for the truth of the matters they assert, but to show their legal effect and place in this dispute's procedural history. The objections to these attachments, including for hearsay, are therefore **overruled**.

Moreover, the court agrees that Attachments J and K are irrelevant. Attachment J is Debtor's credit report. And Attachment K is a billing statement from SPS. Neither is relevant to the reconsideration analysis. So the objections to them are **sustained**.

Finally, Magnum objects to Attachment L, an internet-based appraisal by Stephen Doan. Attachment L is hearsay. It is being offered to prove the truth of the matter asserted – that, based on comparable houses, Debtor's is worth $1,200,000. And it is not supported by a declaration.[1] So this objection must be **sustained**. *See* FED. R. EVID. 802.

The court will now turn to Magnum's remaining objections, which are to various statements contained in Debtor's declaration. Magnum objects to paragraph 8 on relevancy and lack of personal knowledge grounds. It describes the fact that the BNC sent notice of the bankruptcy to Wells Fargo. As explained above, it is evidence of whether Wells Fargo knew of the bankruptcy,

---

[1] The court notes that Debtor later filed a declaration by Stephen Doan with an exhibit that appears to be the same internet-based appraisal (ECF No. 45). This does not affect the court's ruling on Attachment L. And Magnum has not objected to that declaration or its exhibit.

which is relevant. *See* FED. R. EVID. 401. Moreover, paragraph 8 is not hearsay because it is a statement within Debtor's declaration, of which she had personal knowledge. Accordingly, Magnum's second objection is **overruled**.

Magnum's third objection – that Debtor's statement valuing the property in paragraph 17 is improper opinion evidence – is not well taken, either. A debtor may testify to the value of their property or business. *See In re Gbadebo*, 431 B.R. 222, 225 (Bankr. N.D. Cal. 2010); *see also* L.B.R. 4003-1 (permitting declarations by debtors of their property's fair market value in lien avoidance motions); 2 HON. BARRY RUSSELL, BANKR. EVID. MANUAL § 701:2 (2017-2018 ed. 2017). Magnum's objection is therefore **overruled**.

Magnum's fourth and fifth objections are to paragraphs 23 and 24, which describe Magnum's business structure and strategy. The court agrees that these statements are irrelevant to the reconsideration analysis. So these objections are **sustained**. *See* FED. R. EVID. 401.

Finally, Magnum objects to paragraphs 25 and 26. Those paragraphs assert that Magnum was on inquiry notice of the bankruptcy because it could have confirmed Debtor's petition filing during the three days between the petition date and the foreclosure. These, however, are legal arguments inappropriate in a declaration. Moreover, they are improper lay opinions because Debtor is not an expert and cannot assert legal conclusions. For those reasons, Magnum's sixth and seventh objections are **sustained**. *See* FED. R. EVID. 701.

Accordingly, the court **overrules** Magnum's second and third objections, and the objections to Attachments A, D, G, H, and I. All other objections are **sustained**.

*Standing*

Debtor asserts that Magnum lacks standing to seek stay relief because the foreclosure trustee refunded its purchase money. The court is not persuaded. It is well settled that a purchaser may seek *post facto* approval of a post-filing foreclosure sale. *See, e.g.*, *In re Cruz*, 516 B.R. 594, 604 (B.A.P. 9th Cir. 2014). A case or controversy plainly exists as Magnum wishes to re-tender the funds and perfect the sale. And Magnum is a party in interest because it has a "practical stake in the resolution of the matter." *Id.* at 602; *see also Id.* ("A party has a 'colorable claim' sufficient to establish standing to prosecute the motion if it has an ownership interest in the subject property.") (quoting *In re Edwards*, 454 B.R. 100, 105 (B.A.P 9th Cir. 2011)); *In re Veal*, 450 B.R. 897, 914-15 (B.A.P. 9th Cir. 2011) ("[A] party seeking relief from stay need only establish that it has a colorable claim to enforce a right against property of the estate."). Debtor's standing argument, thus, does not warrant reconsideration.

*The Motion to Reconsider the Order Annulling the Stay*

Debtor did not specify which subsections of Rule 60(b) she is entitled to relief under.[2] Further, she brought her motion within 14 days of the Annulment Order, so Rule 60(b) is inapplicable as to it. *See, e.g.*, *In re Lee*, 2016 WL 1450210, at *7. Rather, Debtor should have moved under Rule 59(e). For the sake of completeness, then, and to be fair to all parties, the court will analyze her arguments under Rule 59(e).

Rule 59(e) permits the court to reconsider and amend a previous order if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (internal citation marks omitted) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

"Although Civil Rule 59(e) permits a court to reconsider and amend a previous order, 'the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *In re Hooper*, BAP Nos. CC-11-1269-PaMkCa, CC-11-1272-PaMkCa, 2012 WL 603766, at *9 (B.A.P. 9th Cir. Feb. 14, 2012) (quoting *Kona Enter. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Debtor does not point to a change in controlling law, and the court is unaware of any. Her arguments can therefore avail only under Rule 59(e)'s first two bases for reconsideration.

<u>Newly Discovered Evidence</u>

Debtor asserts that the prior judgment is predicated on a mistake of fact – that she valued the property at $990,000 when its true worth was $1,200,000. She offers internet property appraisals and Stephen Doan's declaration in support. For this to justify Rule 59(e) relief, the "newly discovered" evidence:

> (1) must have been discovered after judgment and the movant must have been excusably ignorant of the facts at the time of trial despite due diligence to learn about the facts of the case; (2) the evidence discovered must be of a nature that would probably change the outcome of the case; and (3) the evidence must not be merely cumulative or impeaching.

*In re Khan*, BAP Nos. CC-11-1542-HPaD, 11-36527, 2012 WL 2043074, at *10 (B.A.P. 9th Cir. June 6, 2012) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)).

Debtor has not provided any newly discovered evidence justifying reconsideration. The property's economic value is an independently existing reality. It was knowable and ascertainable at the time of her motion. Debtor does not suggest that she was excusably ignorant of its true value despite

---

[2] Unless otherwise noted, all statutory citations are to the Bankruptcy Code, Title 11 of the United States Code. And all "Rule" references are to the Federal Rules of Civil Procedure.

conducting due diligence. *See In re Khan*, 2012 WL 2043074, at *10. In fact, she does not assert that she even undertook due diligence when she previously valued the property.

Further, Debtor offers no explanation for how a $210,000 value difference would have altered the motion's outcome. The motion was not granted for lack of adequate protection, as Debtor concedes. It was granted because the *Fjelsted* factors weighed heavily in favor of permitting Magnum such relief under § 362(d)(1). *See In re Fjeldsted*, 293 B.R. 12 (B.A.P 9th Cir. 2003). Debtor's allegedly mistaken property value is therefore not a basis for Rule 59(e) reconsideration.

<u>Clear Error or Manifest Injustice</u>

Debtor also asserts that the court erred when it provided in the Annulment Order that the foreclosure sale had been "properly conducted." She appears to misapprehend the potential effect of § 362(d)(1) stay annulment. The court will therefore clarify the Annulment Order.

The court found cause to annul the stay because the *Fjelsted* factors were satisfied. Magnum had no notice of the bankruptcy, and Debtor offered no persuasive argument that it did. Further, as the Annulment Order stated, based on the totality of the circumstances: (1) the petition was filed in bad faith as part of a scheme to hinder and delay the foreclosure sale; (2) it was a bare-bones face-page filing without intent to reorganize; (3) Debtor failed to comply with the Bankruptcy Code; and (4) the filing prejudiced Magnum.

Based on *Fjelsted*, annulment was appropriate. It effectively legitimated what otherwise would have been a stay violation by Magnum. Thus, looking retrospectively at the foreclosure sale, there was no stay violation by Magnum. *See Schwartz v. U.S. (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay."); *see also In re Craighead*, No. 09-61169-ASW, 2012 Bankr. LEXIS 2967, at *13 (Bankr. N.D. Cal. June 28, 2012) (explaining that because the court ordered retroactive relief from the automatic stay, the foreclosure sale did not violate the automatic stay and was not void) (first citing *In re Schwartz*, 954 F.2d at 573; and then citing *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054-56 (9th Cir. 1997)). Under this hindsight analysis, then, Magnum's conduct in the sale was proper. And the Annulment Order was not in error when it said as much. The court therefore **denies** the motion to reconsider the Annulment Order to the extent that it annulled the stay as to Magnum.

The Annulment Order also retroactively validated the entire sale, however. Bankruptcy courts have the authority to do so. *See In re Cruz*, 516 B.R. at 604; *see also In re Funes*, No. CV 14-6003 PA, 2014 WL 6896030, at *1 (C.D. Cal. Dec. 4, 2014). That another interested party knew of the bankruptcy, standing alone, does not change that fact, as notice is just one of many factors. *See In re Williams*, 323 B.R. 691, 699-700 (B.A.P. 9th Cir. 2005) ("Postpetition actions taken in violation of the automatic stay, even those undertaken by an actor with knowledge of the bankruptcy filing, may be validated by annulment of the stay.").

The court is nevertheless dubious that the legal rule articulated in *Cruz* and *Funes* applies here in the absence of a motion by Wells Fargo to annul the stay as to it as well. Moreover, it seems there

was no equity in the property in *In re Cruz* and *In re Funes*. This fact is not discussed in the decisions. But Debtor points to docket entries in those cases, and the court takes judicial notice of them. *See* FED. R. EVID. 201(b); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."). The court thus agrees that these cases are distinguishable. And the distinction is consequential.

Debtor correctly notes that there is equity in the property. At the time of the sale, she owed $763,986 (ECF No. 36, pg. 3). The $915,300 sale price resulted in a $151,314 surplus. Further, under Debtor's low-end valuation of $990,000, there is $226,014 in equity. And she provides evidence that the property might be worth $1,200,000 – yielding over $436,000 in surplus.[3] By her equity in the property, Debtor represents the fulcrum interest with the greatest incentive to seek the highest price. Thus because there is between $150,000 and $430,000 in gross equity owed back to the Debtor, legitimating the entire foreclosure sale would be manifestly unjust to her. For these reasons, the court **grants** reconsideration of its order retroactively validating the June 18, 2018 sale.[4]

Debtor's Remaining Arguments

Debtor also raises new arguments and appears to reargue the underlying motion's merits. Neither tactic is appropriate. Indeed, "[a] motion to reconsider may *not* be used to present a *new* legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion." *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (B.A.P. 9th Cir. 2006), *aff'd*, 277 F. App'x 718 (9th Cir. 2008) (emphasis in original) (internal citation and quotation omitted). In addition, a reconsideration request "may *not* be used to *rehash* the same arguments presented the first time or simply to express the opinion that the court was wrong." *Id*. (emphasis in original); *see also Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996) ("Motions for reconsideration which merely revisit the same issues already ruled upon . . . or which advance supporting facts that were otherwise available when the issues were originally briefed will not be granted."). Debtor's remaining arguments are therefore inapposite, and the court will not consider them as a basis for Rule 59(e) relief.

In sum, Debtor has not satisfied Rule 59(e)'s requirements as to the retroactive stay relief afforded to Magnum. The motion is therefore **denied** in that regard. The subject order, however, was manifestly unjust to Debtor so far as it validated the foreclosure sale. The motion is accordingly **granted** in that aspect.

---

[3] Just the same, this evidence is not "newly discovered" for Rule 59(e) purposes. *See In re Khan*, 2012 WL 2043074, at *10.

[4] This determination is without prejudice to Wells Fargo bringing its own stay annulment motion and requesting sale validation should annulment be granted.

*Request to Reconsider the Order Denying Vacatur of Dismissal*

Finally, Debtor's motion asks that the case be reinstated. By this she presumably seeks reconsideration of the order denying her motion to vacate dismissal, and the court will treat her request as such. Since the motion was filed more than 14 days after that order, Debtor must show that she is entitled to Rule 60(b) relief. Relief from a final judgment or order under Rule 60(b) may be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6); *see United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992); *In re Walker*, 332 B.R. at 829. The movant bears the burden of proving one of Rule 60(b)'s bases for relief. *In re Wildhaber*, BAP No. NC-14-1352-PaJuKl, 2015 WL 4550128, at *4 (B.A.P. 9th Cir. July 28, 2015) (citing *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

Debtor does not identify which subsection of Rule 60(b) she is moving under. The court nevertheless finds that none are satisfied. She puts forward no substantive arguments or legal support for the requested relief. Equally important is that the order denying Debtor's motion to vacate dismissal was made without prejudice. Debtor is, and always has been, free to bring a new motion with proper service. To the extent her present motion seeks to reinstate the case, however, it is **denied** for failure to demonstrate entitlement under Rule 60(b).

//
//
//
//
//
//
//
//
//
//

## Conclusion

For the foregoing reasons, Debtor's motion to reconsider the order granting annulment and reinstate the case is **granted in part** to the extent that it validated the foreclosure sale. The motion is **denied** in all other respects. The court also **overrules** Magnum's second and third evidentiary objections, and **sustains** its first, fourth, fifth, sixth, and seventh. Objection eight is **sustained in part** and **overruled in part**, such that the objections to Attachments A, D, G, H, and I are **overruled** and the rest are **sustained**.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham October 25, 2018